IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY LEE FLORES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-237-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jerry Lee Flores, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

The facts of the case were summarized by the state appellate court as follows:

> On October 24, 2001, around 1:00 a.m., appellant drove his Dodge car (with the headlights off) the wrong way on one of the eastbound lanes of Highway 183. At the same time, Jennifer Delabano was traveling eastbound on Highway 183 with a passenger seated next to her on the front passenger side. Appellant collided with the front passenger side of Delabano's vehicle, which sent her car into a tailspin. Appellant's car flipped over and landed with the driver's side facing down. Delabano's car came to rest in the number two traffic lane of Highway 183, where it was hit broadside by a Chevy pickup truck traveling in that lane.
>
> Witnesses who stopped at the scene testified that appellant smelled of alcohol and seemed to think he was in Oklahoma. A registered nurse who stopped at the scene determined that Delabano was unconscious and that her passenger was dead. When emergency personnel arrived, Delabano's breathing was labored and her pulse

>was weak. Shortly thereafter, Delabano died at the scene.

>Meanwhile, a helicopter transported the driver of the pickup truck to a hospital. An ambulance took appellant to Harris HEB hospital. At the hospital, two blood samples were taken. A nurse took one blood sample approximately thirty-five minutes after the accident and took another for the police approximately two hours later. Appellant admitted to emergency room personnel that he had consumed alcohol. His doctor noted that he smelled of alcohol and had bloodshot eyes. The doctor diagnosed appellant with a closed-head injury, alcohol intoxication, and various contusions. The hospital released him later that morning.

>Hospital tests on appellant's blood sample confirmed that his blood alcohol level was 0.172. Tests performed by the Tarrant County Medical Examiner on the police sample of appellant's blood showed that his blood alcohol level was 0.154. Tests performed on Jennifer Delabano's blood confirmed that her blood alcohol level was 0.25.

Adm. R., Mem. Op., 2-3, ECF No. 14-4.

Based on evidence, on August 21, 2002, in the 372nd District Court of Tarrant County, Texas, Case No. 0849816D, a jury found Petitioner guilty of felony driving while intoxicated (DWI) with a deadly weapon. Adm. R., WR-69,159-04 writ, 291, ECF No. 16-12. The next day, Petitioner pleaded true to the habitual-offender notice in the indictment, and the jury assessed his punishment at life imprisonment. *Id.* On October 30, 2002, in the same trial court in Case Nos. 0823705D and 0823724D, Petitioner pleaded guilty pursuant to a plea agreement to two counts of intoxication-manslaughter with a deadly weapon in the deaths of Delabano and her passenger, Sunny Griffin, and was sentenced to 20 years' confinement in each case. Resp't's Prel. Resp. Ex. A, ECF No. 11; Adm. R., WR-69,159-02 writ, 92, ECF No. 16-12. Petitioner appealed only his felony-DWI conviction in Case No. 0849816D, and the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on May 5, 2004, the Texas Court of Criminal Appeals refused his petition for discretionary review. Adm. R., Mem. Op., 9, ECF No. 14-4. Petitioner did not seek writ of

...

certiorari. App. Docket Sheet, ECF No. 14-2.

On December 15, 2009, Petitioner filed a state habeas application challenging her felony-DWI conviction and sentence in Case No. 0849816D, which was denied by the Texas Court of Criminal Appeals on February 6, 2013, without written order on the findings of the trial court.[1] Adm. R., WR-69,159-04 writ, cover, ECF No. 16-12. On January 28, 2011, Petitioner filed a second state habeas application challenging his intoxication-manslaughter conviction in Case No. 0823724, which was denied by the Texas Court of Criminal Appeals without written order on June 22, 2011. Adm. R., WR-69,159-02 writ, cover, ECF No. 15-8.

This federal petition for habeas relief was filed on February 6, 2014.[2] Pet. 10, ECF No. 1. Petitioner raises four grounds, wherein he claims (1) his blood sample was illegally taken; (2) his trial counsel was ineffective by failing to object to perjured testimony used to mislead the jury; (3) the state used two prior convictions that were void to enhance his punishment; and (4) he was denied due process during the state habeas proceedings. Pet. 6-7, ECF No. 1. Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Prel. Resp. 5-9, ECF No. 52.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a

---

[1] Under the so-called prison mailbox rule, a prisoner's pro se state habeas application is deemed filed when placed in the prison mail system for mailing. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not however state the date he placed the documents in the prison mail system; thus, the prison mailbox rule is not applied.

[2] Likewise, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

person in state custody.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's grounds one through three involve matters occurring before or during his jury trial in his felony-DWI case in Case No. 0849816D.  Pet. 6-7, ECF No. 1.  Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review.  For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on August 3, 2004, triggering the one-year limitations period, which expired one year later on August 3, 2005.  *See Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623F.3d 222, 224

(5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, petitioner's federal petition as to grounds one through three was due on or before August 3, 2005, absent any tolling.

Petitioner's state habeas application challenging his felony-DWI case was filed on December 15, 2009, over four years after the limitations period had expired, and, thus, did not operate to toll limitations under the statute. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner blames his delay on his indigent status, his inability to obtain two sealed volumes of the reporter's record, and the state habeas court's years-long delay in forwarding his state applications to the Texas Court of Appeals. Pet. 9, ECF No. 1; Pet.'r's Reply 1-11, ECF No. 17. These reasons are not evidence however that he was prevented in some extraordinary way from asserting his rights in state or federal court. It is well settled that a petitioner's pro se status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). Petitioner's lengthy delay in seeking postconviction habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner also asserts he is actually innocent of the offenses because the arrest warrant was obtained by a "perjured affidavit," his blood sample was taken illegally, there was no evidence that he was the driver of the car at the time of the accident, save for the perjured testimony of EMT personnel, and his injuries could not have been caused if he had been the driver. Pet'r's Reply 2-6, ECF No. 17. A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial" and must show that it is more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup v. Delo,* 513 U.S. 298, 324, 326-27 (1995); *House v. Bell,* 547 U.S. 518, 536-37 (2006). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States,* 523 U.S. 614, 623-624 (1998). In this case, Petitioner has made no such showing. Accordingly, Petitioner's federal petition as to grounds one, two and three was due on or before August 3, 2005, and his petition filed on February 6, 2014, is untimely.

Petitioner's fourth ground involves the state habeas proceedings. Specifically, he claims he was denied due process of law during those proceedings because the trial court failed to hold an evidentiary hearing, relied solely on the state's response, and adopted the state's proposed findings and legal conclusions verbatim. Pet. 7, ECF No. 1. Pet. However, alleged errors or defects in a state postconviction habeas proceeding are not cognizable on federal habeas review. *Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001); *Smith v. Scott,* 41 F.3d 664, 1994 WL 685040, at *3 (5th Cir. Nov. 25, 1994). Therefore, Petitioner is not entitled to relief under his fourth ground.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred as to grounds one, two and three and is denied as to ground four.  Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 9th day of March, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**